# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| LARRY SCROGGINS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 1:16-cv-1648-TWP-MJD ) |
| STANLEY KNIGHT, | ) ) ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Larry Scroggins for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-02-144. For the reasons explained in this entry, Mr. Scroggins's habeas petition must be **denied**.

## A. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On February 6, 2016, M. Roberts wrote a Report of Conduct in case IYC 16-02-144

charging Mr. Scroggins with use/possession of a wireless or cellular device. The Conduct Report states:

> On February 6th at approximately 1:44 P.M. I Officer M. Roberts and Lieutenant M. Roache were conducting rounds in H-Unit bed area when I observed Offender Scroggins Larry #211800 between rows 3 and 4. The offender saw us walking towards him and he began to walk away from us. Lieutenant M. Roache ordered him to come towards us and he complied. I noticed he was holding something wrapped in tissue paper in his left hand. Lieutenant Roache ordered him to show us his hands and he refused, and began to run towards the back of the bed area. While running I saw Offender Scroggins drop a small black and orange object in the trash bag. When the trash was searched I did find the black and orange object to be a cellular device. He then turned right towards row 1 and row 2 so I immediately went between row 1 and row 2 and ordered Offender Scroggins to turn around and put his hands on his head and put him in mechanical restraints.
>
> [Dkt. 13-1].

Lieutenant Roache provided the following statement:

> On February 6th at approximately 1:44 P.M. I, Lieutenant M. Roache and Officer M. Roberts were conducting rounds in H-Unit bed area when I observed Offender Scroggins Larry #211800 between rows 3 and 4. The offender saw us walking towards him and he began to walk away very quickly. I ordered him to come toward us and he complied. I then noticed he was holding an item in his left hand. I ordered him to show me his hand and he refused and began to run towards the back of the bed area. Myself and Officer Roberts followed him. I then saw offender Scroggins toss a red and black cell phone into a brown trash bag on the floor. A complete search of the area was conducted. Officer Roberts retrieved a black and orange cellular phone from the trash bag.
>
> [Dkt. 13-2].

On February 12, 2016, Mr. Scroggins was notified of the charge and was given a copy of the Conduct Report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and requested offender Don Bennett as a witness. He requested video of the H-Unit latrine hallway from 4:15 PM to 4:45 PM. He stated the video would show he had nothing in his hand. [Dkt. 13-5].

Offender Bennett provided the following statement:

The only thing he had possession of was a spray bottle to cover the tobacco smell and he did hand it over when asked it will show on camera. As far as any device, I hang out with him daily and have never known him to use or possess any device. Emphasis in original.

[Dkt. 13-7].

Offender Mark Shannon provided the following statement:

On or about February 6, 2016 someone yelled on deck. Scroggins began to spray air freshener into the fan. Lt. Roache told Offender Scroggins to come here and he complied. Lt Roache asked him what was in the bottle and to give it to him. Scroggins handed the bottle to him and very quickly moved down the aisle way towards the back of the dorm and threw a piece of waded [sic] up toilet paper with tobacco threw [sic] the bunks on row 2 and proceed to Officer Robert. At which time he was cuffed and removed from the unit. I live in H1-14-C and I saw the whole incident. Offender Scroggins is not the offender who dropped the phone in the trash.

[Dkt. 13-8].

The Hearing Officer reviewed the video evidence and made the following findings:

On 3/3/16 at approximately 9:00AM, I, DHO J. Peltier reviewed the H Unit front row 3&4/back row 3&4/H front row 1&2/H back 1&2/H middle/H Unit Latrine cameras for the time frame of 1:30PM to 2:30PM for an incident that occurred on 2/6/16. After reviewing the camera I clearly observe the following: At 1:42:45, Lt. Roache and Officer Brown can be clearly observed entering H Unit on the H Unit Latrine camera. At 1:43:33 Offender Scroggins is clearly observed in conversation with Lt. Roache and Officer Brown on the H Unit Middle camera. At 1:43:47, Offender Scroggins is clearly observed turning from the Officer and the Lieutenant, and fleeing. At 1:43:50 Scroggins is clearly observed fleeing through the bed area on H Unit Back Rows 3&4 camera, at 1:43:53 on H Unit Back Rows 1&2 camera, and being escorted in restraints on H Middle camera at 1:44:28. Offender Scroggins is clearly observed being escorted out of H Unit in mechanical restraints, his hands being restrained behind his back.

[Dkt. 13-9].

The Hearing Officer conducted a disciplinary hearing in case IYC 16-02-144 on March 27, 2016. At the hearing Mr. Scroggins provided the following statement:

My meds had not fully taken effect. I was not in full control with what I was doing.

[Dkt. 13-10].

The Hearing Officer found Mr. Scroggins guilty of the charge of use/possession of a wireless or cellular device. In making this determination, the Hearing Officer considered the staff reports, the offender's statement, evidence from witnesses, and the camera review. [Dkt. 13-10]. Based on the Hearing Officer's recommendations the following sanctions were imposed: forty-five (45) days of lost commissary, phone, and JPay privileges; 180 days of credit time deprivation; and a demotion from credit class B to credit class C. The Hearing Officer recommended the sanctions because of the seriousness of the offense, the frequency and nature of the offense, and the likelihood of the sanction having a corrective effect on the offender's future behavior. [Dkt. 13-10].

Mr. Scroggins exhausted his administrative remedies and filed this action. [Dkts. 13-12, 13-14].

### C. Analysis

Mr. Scroggins is not entitled to habeas relief because he was afforded due process. He raises three issues which together amount to a claim the evidence was insufficient to support a guilty finding. He argues that in the video review summary written by the Hearing Officer, the Hearing Officer never stated that Mr. Scroggins had anything in his hand; that only 37 seconds passed from the time he was observed with an object in his hand to when he was handcuffed; and the area where the cellular device was found is an open area for all offenders.

Due process requires that prison disciplinary convictions be supported by "some evidence." *Hill*, 472 U.S. at 454. This is a lenient standard requiring no more than a modicum of evidence, for even meager proof will suffice so long as it points to the prisoner's guilt. *Id*. at 457. Due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. . . ." *Id*.

The conduct report clearly sets forth the facts that show both Lieutenant Roache and Officer Roberts observed Mr. Scroggins with something in his hand. When asked about it, Mr. Scroggins ran away from them. They both noticed that the object was either black and orange or black and red and that Mr. Scroggins threw it away in a trash bag. After searching the trash bag, they discovered a black and orange cellular phone. The hearing officer was entitled to find this report credible, *Russell v. Sandahl,* 989 F.2d 502 (7th Cir. 1993), and "[i]n reviewing a decision for 'some evidence,' courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (internal quotation omitted). This is why a conduct report can constitute sufficient evidence to satisfy the requirements of due process, *id.,* at 786, and why in this case it does so. Because there is "some evidence" to support the guilty finding, Mr. Scroggins was afforded due process and he is not entitled to relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Scroggins to the relief he seeks. Accordingly, Mr. Scroggins's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/22/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and by U.S. mail to:

LARRY SCROGGINS
211800
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168